UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERVIN TRIPLETT, JR.,
   Plaintiff,

vs.

WANZA JACKSON, et al.,
   Defendants.

Case No. 1:14-cv-387

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

On May 12, 2014, plaintiff, an inmate at the Southern Ohio Correctional Facility, filed a motion for leave to proceed *in forma pauperis* in connection with a prisoner civil rights complaint in this case. (Doc. 1). On May 16, 2014, the undersigned recommended that plaintiff's motion be denied pursuant to 28 U.S.C. § 1915(g), which prohibits a prisoner from proceeding *in forma pauperis* where the prisoner has had three or more prior actions dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. (Doc. 2). The Court adopted the recommendation by Order on July 30, 2014. (Doc. 6). Plaintiff was ordered to pay the full filing fee required to commence this action within thirty (30) days. He was further notified that his failure to do so would result in the dismissal of this case. *See In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).

Plaintiff appealed the Court's Order to the Sixth Circuit Court of Appeals. (Doc. 7). On February 9, 2015, the appeal was dismissed for want of prosecution. (Doc. 9).

To date, more than thirty days after the Court's July 30, 2014 Order, plaintiff has failed to pay the filing fee in this matter. Accordingly, this case should be dismissed for plaintiff's failure to pay the Court's $400.00 filing fee. *In re Alea*, 286 F.3d at 382. Plaintiff remains liable for and should be assessed the full filing fee of $400.00. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). *See also In re Alea*, 286 F.3d at 382.

## IT IS THEREFORE RECOMMENDED THAT:

1. This case be dismissed for plaintiff's failure to pay the full filing fee as ordered by the Court.

2. Plaintiff be assessed the full filing fee of $400.00.

3. The Clerk of Court be **DIRECTED** to mail a copy of any Order adopting this Report and Recommendation, along with the attached instructions, to the **Cashier of the Southern Ohio Correctional Facility** and that the Cashier be directed as follows:

> The prison's Cashier shall deduct, and forward to the Clerk of Court, 20% of the preceding month's income credited to plaintiff's account each time the amount in the account exceeds $10.00 until the full fee has been paid.[1]

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. See *McGore*, 114 F.3d 601.

Date: 3/3/15

Karen L. Litkovitz
United States Magistrate Judge

---

[1] The prison cashier's office shall not send payments aggregating more than the amount of the full fee.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

INSTRUCTIONS FOR PAYMENT OF PRISONER FILING FEE

The prisoner shown as the plaintiff on the attached order owes the court a fee. Pursuant to 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the fee is to be paid as follows:

> The prison cashier shall forward to the Clerk of Court located in Cincinnati, Ohio monthly payments of twenty percent (20%) of the preceding month's income credited to the prisoner's account each time the amount in the account exceeds ten dollars ($10.00) until the full fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk of the Court. Payments should be forwarded to the address below.

If the prisoner has filed more than one case, he is required to pay a fee in each case. The prison cashier's office shall make the monthly calculations and payments for each case in which it receives an order granting *in forma pauperis* status or otherwise ordering the collection of the full filing fee.

*The prisoner's name and case number <u>must</u> be noted on each remittance.*

Checks are to be made payable to: **Clerk, U.S. District Court**.

Checks are to be sent to:

> **Prisoner Accounts Receivable**
> **103 Potter Stewart United States Courthouse**
> **100 East 5th Street**
> **Cincinnati, Ohio 45202**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERVIN TRIPLETT, JR.,
    Plaintiff,

vs.

WANZA JACKSON, et al.,
    Defendants.

Case No. 1:14-cv-387

Dlott, J.
Litkovitz, M.J.

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).